UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-22206-CIV-HUCK/BANDSTRA

HARD DRIVE PRODUCTIONS, INC.,

    Plaintiff,

v.

GESSLER HERNANDEZ,

    Defendant.
_____/

**PLAINTIFF'S MOTION
FOR EXTENSION OF TIME TO SERVE DEFENDANT, GESSLER HERNANDEZ**

On July 24th, 2012, the court issued an order denying Plaintiff's Amended Motion for Service by Publication and extending the time to serve the Defendant to August 24th, 2012. (ECF 48). Plaintiff had hoped to take the deposition of the mother of Defendant Hernandez before attempting to serve the Defendant by publication. If Ms. Hernandez is able to help Plaintiff locate her son, Plaintiff will serve Hernandez with in-person service of process. Ms. Hernandez failed to comply with the court's order to show cause as to why she did not appear for Plaintiff's deposition. (ECF 49). Plaintiff waits for a decision by the court on how to proceed but must file this motion lest the time to serve Defendant expires without an explanation. Plaintiff requests an additional 45 days to serve Defendant Hernandez.

### I.    LEGAL STANDARD

Rule 4(m) requires that a court dismiss the complaint if a defendant is not served within 120 days after the complaint is filed. Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." (*Id.*)

1

Even in the absence of a showing of good cause, a court has the discretion to extend the time for service. *Horenkamp v. Van Winkle And Co., Inc*., 402 F.3d 1129, 1132 (11th Cir. 2005) ("Thus, today we join our sister circuits and hold that Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause."). The court may extend a plaintiff's time for serving the complaint if plaintiff can establish good cause. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). Absent a showing of good cause, Rule 4(m) permits a court to exercise its discretion to extend the time for service. Plaintiff can establish good cause and the history of this case weighs strongly in favor of the Court exercising its discretion to extend the time for service.

## II.  BACKGROUND

Plaintiff brought the amended complaint against an unknown defendant for copyright infringement and related civil conspiracy and contributory infringement claims. (ECF No. 30.) Plaintiff determined that the infringing conduct took place over Gessler Hernandez' Internet connection. (*Id.* ¶ 1.)

Plaintiff has made several attempts to serve Defendant Hernandez to no avail, as explained in previous filings. (ECF 36-38. 40-42. 44).  Plaintiff has attempted to take the deposition of Defendant's mother, Ms. Darina Hernandez.  Plaintiff still hopes to be able to depose Ms. Hernandez to see if she could help Plaintiff find her son.

## III.  GOOD CAUSE

If a plaintiff is able to show good cause for not timely serving a defendant, the court must extend the time for service to an appropriate period. *Panaras v. Liquid Carbonic Industries Corp.*, 94 F.3d 338, 340 (7th Cir. 1996). "When considering [whether] … to dismiss a complaint

for untimely service, courts must determine whether good cause for the delay has been shown on a case by case basis." *In re Sheehan*, 253 F.3d at 512.

To determine whether good cause exists, a court considers whether plaintiff made reasonable efforts to serve defendant and whether defendant has been prejudiced by the delay." *Coleman v. Cranberry Baye Renal Agency*, 202 F.R.D. 106, 109 (N.D.N.Y. 2001). "Good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control." *Easter Refactories Co., Inc., v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 505 (S.D.N.Y 1999) (quoting *Nat'l Union Fire Ins. Co. v. Sun*, No, 93 Civ. 7170 (LAP), 1994 WL 463009, at *3 (S.D.N.Y. Aug. 25, 1994).

In this case, Plaintiff has made reasonable efforts to serve Defendant Hernandez but is being stonewalled by Defendant's mother before it can proceed accordingly either by service via publication or in-person service on Hernandez himself.

It is difficult for Plaintiff to name and serve a Defendant because Plaintiff's litigation is unlike conventional litigation, Plaintiff does not have pre-litigation leeway. For example, Plaintiff does not know basic information about a Defendant like most conventional plaintiffs would know about a defendant before suit is filed. Plaintiff must request expedited discovery and may even seek a deposition before naming a defendant to ensure it is dealing with the copyright violator, and Plaintiff is subject to the Court's time constraints for service while doing so. Generally, defendants are more easily capable of concealing their whereabouts in Plaintiff's type of litigation.

Good cause would appear to be readily satisfied. First, as outlined above, Plaintiff has not demonstrated any form of neglect because it has acted as swiftly as possible at every turn. It has attempted to resolve the issue with Defendant Hernandez, who is now concealing his

3

whereabouts. Moreover, Hernandez' mother is helping to conceal her son's whereabouts, ostensibly.

## IV.   DISCRETION

Even if the Court concludes that Plaintiff does not have good cause, it should nevertheless exercise its discretion to extend the time for service. In addition to the foregoing discussion, by refusing to exercise its discretion in Plaintiff's favor the Court will literally foreclose the possibility of any copyright holder ever being able to prosecute Internet-based copyright infringement under the current Federal Rules of Civil Procedure—and this is not hyperbole. The current Federal Rules of Civil Procedure allow for, at best, a crude framework for addressing the very real problem of Internet-based theft.

The timeline for filing a complaint, filing an *ex parte* discovery motion, receiving a ruling on the motion, serving a subpoena, receiving a subpoena response, conferring with the subscriber and then conducting final limited discovery, if necessary, is not realistically compacted into 120 days, and Plaintiff has no real pre-litigation leeway like conventional plaintiffs do. These factors weigh heavily in favor of the Court exercising its discretion to extend the time for serving the complaint.

## V.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court extend Plaintiff's time for service of the Complaint by an additional 45 days.

                                                                 Respectfully Submitted,

                                                                 Hard Drive Productions, Inc.

DATED: August 24, 2012

                                                                  By: /s/ Joseph Perea
                                                                  Joseph Perea, FBN 47782
                                                                  Joseph Perea, P.A.
                                                                  9100 S. Dadeland Blvd, Ste 1500
                                                                  Miami, Florida 33156
                                                                  Tel: 305-934-621
                                                                  Fax: 888-229-4968
                                                                  E-mail: joperea@perealawfirm.com
                                                                  Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on August 24, 2012, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system, in compliance with the Local Rules.

                                                                 /s/ Joseph Perea

                                                                 Joseph Perea